# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA STEPTER, ET AL | CIVIL ACTION |
| VERSUS | NO: 10-1799 |
| SANTOS VERELE, ET AL | SECTION: "C" (4) |

## ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.

The plaintiff's petition concerns an automobile accident in Orleans Parish on May 7, 2009. This matter was removed on the basis of diversity jurisdiction. (Rec. Doc. 1).

On June 23, 2010, the Court ordered that the parties file memoranda addressing whether the jurisdictional amount in controversy was satisfied at the time of removal.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir.1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir.1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett*

*v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id*. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id*. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir.1982), *cert. denied*, 459 U.S. 1107 (1983).

Plaintiffs asserts that the amount in controversy is met, but that defendants have failed to demonstrate diversity of citizenship because the citizenship of the members of Intercon Carriers, L C was not established.. (Rec. Doc. 15). Defendants assert that the amount in controversy is met, (Rec. Doc. 16) and attach evidence that all members of the limited liability company are Texas domiciliaries such that diversity of citizenship between the parties is established. (Rec. Doc. 17).

Neither plaintiffs nor defendants attached evidence establishing the amount in controversy. No evidence regarding the extent of the plaintiffs' damages is before the Court, and the Court has no means for determining whether the jurisdictional minimum has been established. Instead, both parties rely on plaintiffs' interrogatory response that their claims exceed $75,000. As explained above, such assertions are insufficient.

Defendants, perhaps cognizant of their pleadings' deficiencies, request in the alternative that the Court delay its jurisdictional decision until plaintiffs respond more fully to their discovery requests. (Rec. Doc. 16 at 3).

Accordingly,

IT IS ORDERED that the parties submit responsive jurisdictional memoranda no later than August 27, 2010. If evidence establishing the jurisdictional amount is not attached, the matter will be remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 10th day of August, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**