UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA STEPTER and** <br> **WARREN DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10 - 1799** |
| **SANTOS VERELE, INTERCON** <br> **CARRIERS, LLC, and STATE** <br> **NATIONAL INSURANCE COMPANY** | **SECTION "C"(4)** |

### **ORDER AND REASONS**[1]

Before the court are two motions for partial summary judgment filed by Defendants, Santos Verele, Intercon Carriers LLC ("Intercon"), and State National Insurance Company ("State"), collectively known as "Defendants." The first is a motion to dismiss the damage claim of Plaintiff, Warren Davis ("Davis"). (Rec. Doc. 50). The second is a motion to dismiss the vehicle property damage claim of Plaintiff, Angela Stepter ("Stepter"). (Rec. Doc. 47). Plaintiffs oppose both motions. (Rec. Doc. 55); (Rec. Doc. 53). Having considered the memoranda of counsel, the record, and the applicable law, the Court DENIES Defendant's motion to dismiss the damage claim of Davis and GRANTS Defendants' motion to dismiss Stepter's property damage claim for the following reasons.

### **I. Background**

This case arises out of an auto accident that occurred on May 7, 2009 in New Orleans, Louisiana. (Rec. Doc. 49-1 at 4). Stepter was the driver of one vehicle and Defendant, Santos Verele, drove the other; Davis was a passenger in the Stepter vehicle. *Id.* The accident occurred when the

---

[1] Sami Aboulhosn, a first year student at Tulane University Law School, contributed significantly to the research and preparation of this decision.

Stepter vehicle approached an intersection in the far left turn lane while the Verele vehicle was in the middle lane. *Id.* Both vehicles were turning left, though the parties contest whether Verele had his turn signal on at the time. *Id.*

After the car accident, Davis's primary care physicians recommended that he visit Dr. Allen Johnston ("Dr. Johnston") for continuing back pain. (Rec. Doc. 50-5 at 2). Dr. Johnston treated Davis and recommended an MRI and physical therapy, both of which Davis completed. (Rec. Doc. 50-5 at 3). Dr. Johnston also referred Davis to Dr. Kenneth Vogel ("Dr. Vogel"), a neurosurgeon, who agreed with a radiologist's interpretation of the MRI that Davis had mild bulges at L2-3 and L4-5 and a disc herniation at L5-S1. (Rec. Doc. 50-4 at 3). Dr. Johnston and Dr. Vogel agree that they cannot determine causation solely from the results of an MRI and note that they rely on patients' subjective pain history in formulating opinions on causation. (Rec. Doc. 50-4 at 3); (Rec. Doc. 50-5 at 5). Both physicians also agree that the bulges and degeneration could have been related to other factors such as age or previous injuries, but neither physician attributes the disc herniation at L5-S1 to any other causes. (Rec. Doc. 50-4 at 3); (Rec. Doc. 50-5 at 4). Defendants seek to dismiss Davis's claim for damages because neither physician explicitly testified that the automobile accident more likely than not caused Davis's lumbar bulges and disc herniation. (Rec. Doc. 50-3 at 3-4).

Defendants also seek to dismiss Stepter's claim for vehicle property damage, claiming that she does not own the vehicle at issue, and therefore has no standing, and that the owner is not a party to this litigation. (Rec. Doc. 47 at 1). Stepter testified that she owns the truck because her father purchased the truck for her, but she also testified that her father's name is on the title. (Rec. Doc. 47-4 at 15). Stepter also states that the vehicle was titled in her father's name on the day of the accident at issue. (Rec. Doc. 47-4 at 15-16).

## II. Law and Analysis

*A. Motion for Summary Judgment*

Summary judgment is proper when the record indicates that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986).

*B. Controlling Law*

In diversity cases, federal courts must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In determining which state's substantive law controls, the court applies the choice-of-law rules of the forum state. *In Re: Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007). Neither party disputes that Louisiana's substantive law controls the present dispute. (Rec. Doc. 50-3 at 3); (Rec. Doc. 55 at 3).

*C. Davis's Claim for Damages*

The plaintiff in a personal injury suit must prove causation by a preponderance of the evidence. *Dabog v. Deris*, 625 So. 2d 492, 493 (La. 1993). The plaintiff is aided by a presumption that the injuries resulted from an accident if (1) the plaintiff was in good health before the accident; (2) commencing with the accident, the symptoms of the injury appear and continue to manifest themselves thereafter; and (3) medical evidence shows a reasonable connection between the accident and the

injury. *Id.* "[I]n the absence of persuasive countervailing evidence, the only reasonable inference to be drawn from the facts is a finding that the accident caused the injury." *Warner v. City of New Orleans*, 694 So. 2d 1231, 1234-35 (La. Ap.. 4 Cir. 6/30/97); *cf. Dabog*, 625 So. 2d at 493 (finding causation when accident victim was in excellent health prior to accident); *Housley v. Cerise*, 579 So. 2d 973 (La. 1991) (interpreting physician testimony of "could have been a contributing factor" to mean that the accident more likely than not caused the injury); *Lucas v. Ins. Co. of N. Am.*, 342 So. 2d 591 (La. 1977) (holding that plaintiff proved causation by a preponderance of the evidence even though medical testimony revealed possible aggravation of a pre-existing arthritic condition). In order to defeat the presumption of causation, the defendant must prove that some other incident could have caused the injury. *Conedera v. Musgrove*, 736 So. 2d 219, 220 (La. App. 4 Cir. 3/15/99).

Here, the Court is satisfied that Davis has provided evidence sufficient for a fact finder to determine that the automobile accident more likely than not caused his injuries. Defendants argue that Davis has failed to provide enough evidence of causation because neither Dr. Vogel nor Dr. Johnston can testify that more likely than not the accident caused Davis's back injuries. (Rec. Doc. 50-3 at 3-4). However, Davis has met his burden under the presumption of causation outlined in *Dabog v. Deris*. 625 So. 2d at 493. First, Davis has testified that he was in good health before the accident, and Defendants have submitted no evidence to the contrary. (Rec. Doc. 50-4 at 2). Testimony from Davis's physicians indicates that Davis used to work doing odd jobs, which require back strength, but has been unable to work since the date of the accident. *Id.* Second, Davis's injuries commenced after the accident and have since manifested themselves. *Dabog*, 625 So. 2d at 493. Davis reported back pain just two days after the accident and has not returned to normal duties since the accident despite undergoing conservative treatments such as physical therapy. (Rec. Doc. 50-4 at 2-3).

Third, medical evidence shows a reasonable connection between the accident and the injury.

*Dabog*, 625 So. 2d at 493. In *Housley v. Cerise*, the court found sufficient causation when a physician testified that he "would have to consider [plaintiff's fall] a contributing factor" to her injury. 579 So. 2d at 980. Moreover, in *Lucas v. Ins. Co. of N. Am.*, the court held that the third element of causation had been met even though the possibility existed that the plaintiff's injuries could have been an "aggravation of a pre-existing arthritic condition precipitated into painfulness by the work-injury." 342 So. 2d at 597. In the present case, the medical testimony offered by both Dr. Johnston and Dr. Vogel suggests that Davis's injuries are reasonably connected to the automobile accident at issue. Both doctors suggest that Davis's disc herniations could likely have been caused by the automobile accident even if the stenosis and joint arthritis may have been caused by pre-existing injuries. *See Lucas*, 342 So. 2d at 597; (Rec. Doc. 50-4 at 3); (Rec. Doc. 50-5 at 4). Although, as Defendants point out, neither physician could say with certainty that the automobile accident more likely than not caused Davis's injuries, this Court is persuaded based on the witness testimony of each physician that there is enough of a reasonable connection between the accident and Davis's injuries for a fact finder to find liability. *Housley*, 579 So. 2d at 980. Summary judgment is thus improper in this case because the issue of causation is a disputed material fact that must be determined by a jury. Fed. R. Civ. P. 56.

*D. Stepter's Claim for Vehicle Property Damage*

The first issue before the Court is whether Stepter can claim ownership of a motor vehicle without holding title to the vehicle in her name. Stepter alleges that she owns the vehicle because her father purchased the vehicle for her even though he purchased it in his name. (Rec. Doc. 47-4 at 15). Section 26 of the Louisiana Vehicle Registration License Tax provides:

> "Owner" means a person who holds the legal title to a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale, lease, or transfer of the possession, howsoever, thereof with right of purchase upon performance of the conditions stated in the agreement and with the right of immediate possession vested

5

>in such vendee, lessee, possessor, or in the event such similar transaction is had by means of mortgage and the mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or possessor or mortgagor shall be deemed the owner for the purpose of this Chapter. The term "owner" shall also mean the lessee or user of a vehicle which is legally in the custody of such lessee or user.

LA. REV. STAT. ANN. § 47:451 (2007). Thus, under the first provision of LA R.S. § 47:451(26), an owner must hold legal title to a vehicle. *Id.* Stepter testified that the title to the vehicle was registered in her father's name at the time of the accident. (Rec. Doc. 47-4 at 15-16). Therefore, Stepter was not the owner of the vehicle under the first provision of LA R.S. § 47:451(26).

The next issue is whether Stepter is the owner of the vehicle pursuant to the last sentence of LA R.S. § 47:451(26) because she was a user of the vehicle, which was in her legal custody. Although LA R.S. § 47:451(26) does not define "user," Section 14 of the Louisiana Motor Vehicle Code provides: "'User' shall mean any person who acquires a vehicle for purposes other than resale and is required to register same under the provisions of the Louisiana Vehicle Registration License Tax Law." LA. REV. STAT. ANN. § 32:702 (2010). Here, Stepter admits that she has not registered the vehicle in her name because she testified that her father has sole title to the vehicle. (Rec. Doc. 47-4 at 15). Therefore, Stepter was not a "user" of the vehicle pursuant to LA R.S. § 47:451(26).

Lastly, Stepter alleges that she owns the vehicle pursuant to Louisiana Civil Code Article 518, which provides that "[t]he ownership of a movable is voluntarily transferred by a contract between the owner and the transferee that purports to transfer the ownership of the movable." LA. CIV. CODE ANN. art. 518 (2011). However, Civil Code Article 525 provides: "The provisions of this Chapter do not apply to movables that are required by law to be registered in public records." LA. CIV. CODE ANN. art. 525 (2011). Stepter may be correct in asserting that she and her father entered into a contract for the transfer of the vehicle under Article 518. (Rec. Doc. 47-4 at 15). However, under LA. R.S. 32:706, the transfer of ownership of a motor vehicle is invalid unless a title to that vehicle has

6

been issued in the name of the transferee. LA. REV. STAT. ANN. 32:706 (2010). The purported transfer of ownership of the vehicle from the father to Stepter was therefore invalid because title to the vehicle was never issued in Stepter's name and because she has never registered the vehicle in her name in the public records. (Rec. Doc. 47-4 at 15). Thus, Stepter is not the owner of the vehicle for the reasons stated above, and the claim for property damage is therefore dismissed for lack of standing.

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendants' Motion for Partial Summary Judgment to Dismiss the Damage Claim is DENIED. (Rec. Doc. 50).

IT IS FURTHER ORDERED that Defendants' Motion for Partial Summary Judgment to Dismiss the Vehicle Property Damage Claim is GRANTED. (Rec. Doc. 47).

New Orleans, Louisiana, this 20th day of June, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE