UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA STEPTER and** | **CIVIL ACTION** |
| **WARREN DAVIS** | |
| | |
| **VERSUS** | **NO. 10 - 1799** |
| | |
| **SANTOS VERELE, INTERCON** | |
| **CARRIERS, LLC, and STATE** | **SECTION "C"(4)** |
| **NATIONAL INSURANCE COMPANY** | |

### **ORDER AND REASONS**[1]

Before the court are two motions in limine filed by Defendants, Santos Verele, Intercon Carriers LLC, and State National Insurance Company, collectively known as "Defendants." The first is a motion to strike the expert testimony of Dr. Allen Johnston ("Dr. Johnston") beyond his treatment of Plaintiff, Angela Stepter ("Stepter"). (Rec. Doc. 46). The second is a motion to admit the criminal records of Plaintiff, Warren Davis ("Davis"). (Rec. Doc. 49). Plaintiffs oppose both motions. (Rec. Doc. 52); (Rec. Doc. 54). Having considered the memoranda of counsel, the record, and the applicable law, the Court DENIES Defendant's motion to strike the expert testimony of Dr. Johnston beyond his treatment of Stepter and DENIES Defendants' motion to admit Davis's criminal records for the following reasons.

### **I. Background**

This case arises out of an auto accident that occurred on May 7, 2009 in New Orleans, Louisiana. (Rec. Doc. 49-1 at 4). Stepter was the driver of one vehicle and Defendant, Santos Verele, drove the other; Davis was a passenger in the Stepter vehicle. *Id.* The accident occurred when the

---

[1]Sami Aboulhosn, a first year student at Tulane University Law School, contributed significantly to the research and preparation of this decision.

Stepter vehicle approached the intersection in the far left turn lane while the Verele vehicle was in the middle lane. *Id.* Both vehicles were turning left, though the parties contest whether Verele had his turn signal on at the time. *Id.*

After the car accident, Stepter visited Dr. Johnston between the months of August and December, 2009, for pain in her neck, lower back, right knee, and ankle. (Rec. Doc. 46-3 at 4). During her last visit on December 28, 2009, Dr. Johnston recommended that Stepter receive an MRI of her lumbar spine. (Rec. Doc. 46-3 at 6). The MRI was conducted on April 23, 2010; however, Dr. Johnston never examined Stepter after the visit on December 28, 2009, and he states in his deposition taken on April 20, 2011 that he never saw the results of the MRI until the date of the deposition. *Id.* At that time, over a year after his last examination of Stepter, Dr. Johnston offered his expert opinion as to the cause of Stepter's injuries based on the results of the MRI. *Id.* Defendants seek to strike the opinion testimony of Dr. Johnston beyond his treatment of Stepter on the grounds that his opinion on causation was not based upon his personal knowledge and treatment of Stepter because he had not evaluated her in over a year. (Rec. Doc. 46 at 1).

Defendants also seek to admit the criminal record of Davis for the purpose of impeachment of the witness. (Rec. Doc. 49 at 1). In 1996, over a decade prior to the accident, Davis was convicted of possession of a firearm and possession of cocaine and served five years in prison until his release in 2001. (Rec. Doc. 49-1 at 3). Later, in 2007, Davis was arrested for possession of crack cocaine and drug paraphernalia and spent 30 days in jail. (Rec. Doc. 49-4 at 23); (Rec. Doc. 49-5 at 1).

## II. Law and Analysis

*A. Motion in Limine to Strike Expert Testimony*

Federal Rule of Civil Procedure 26(a)(2)(A) requires that a party "disclose to the other parties

the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702." Fed. R. Civ. P. 26(a)(2)(A). The Fifth Circuit has interpreted this disclosure rule to apply to all expert witnesses. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 n.4 (5th Cir. 2004). Furthermore, Rule 26(a)(2)(B) states that the disclosure must also include a written report, but only "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). However, the reporting requirement in Rule 26(a)(2)(B) applies only to those experts "retained or specially employed" to give expert testimony at trial. *See Hamburger*, 361 F.3d at 883. As cited in *Hamburger*, the Advisory Committee Notes accompanying the 1993 Amendments to Rule 26 state, "A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." *Id.* at 882.

The issue in this case is whether Dr. Johnston was required to submit a written report pursuant to Rule 26(a)(2)(B). Defendants argue that Dr. Johnston was required to file an expert report because at the time of his deposition he had not treated Stepter in over a year, and therefore he cannot qualify as a "treating physician" who is exempt from the written report requirement. (Rec. Doc. 46-2 at 5). Plaintiffs, on the other hand, contend that as Stepter's treating physician, Dr. Johnston was exempt from the reporting requirement. (Rec. Doc. 52 at 1).

The Court agrees with Plaintiffs. Dr. Johnston treated Stepter for months after her accident and recommended that she undergo the MRI at issue during the course of her treatment. (Rec. Doc. 46-3 at 4). Furthermore, Defendants deposed Dr. Johnston in his capacity as Stepter's treating physician. By showing him the MRI during the deposition and asking him to offer an opinion on it, Defendants invited a response from Dr. Johnston as to the causation of Stepter's injuries based on his experience as her treating physician. *Id.* at 6. For these reasons, the Court finds that Dr. Johnston's

opinion on the causation of Stepter's injuries was given in his capacity as a treating physician, and therefore Dr. Johnston was not required to file a written report under Rule 26(a)(2)(b). *See Hamburger*, 361 F.3d at 883.

*B. Motion In Limine to Admit Criminal Records*

Federal Rule of Evidence 609 provides two situations in which evidence of a conviction of a crime shall be admitted for the purpose of attacking the character or truthfulness of a witness. Fed. R. Evid. 609. Rule 609(a)(1) provides for the admissibility into evidence of crimes "punishable by death or imprisonment in excess of one year under the law under which the witness was convicted" as long as "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). Moreover, Rule 609(a)(2) allows for admission of any crime, regardless of punishment, "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). However, evidence whose sole purpose is to mislead and confuse the jury is inadmissible. *United States v. Townsend*, 31 F.3d 262, 268 (5th Cir. 1994).

Defendants claim that Davis's prior criminal record and his failure to disclose his social history of drug use suggest a pattern of dishonesty that speaks to the credibility of his testimony, and, therefore, his criminal record should be admissible as evidence under Rule 609(a)(2). (Rec. Doc. 49-1 at 6-7). However, this Court is not satisfied that Davis's conviction for possession of drugs and a firearm in 1996 speaks to Davis's honesty and credibility as a witness in a personal injury lawsuit. Fed. R. Evid. 609(a)(2). The Court finds that Davis's convictions for possession of a firearm and drug charges did not require "proof or admission of an act of dishonesty or false statement" pursuant to Rule 609(a)(2), and therefore are inadmissible as evidence under that provision. Fed. R. Evid.

609(a)(2).

Furthermore, the Court finds that, under Rule 609(a)(1), the admission of Davis's prior criminal record would have a highly prejudicial effect with minimal probative value. Fed. R. Evid. 609(a)(1). In *McAvey v. Lee*, the Fifth Circuit held that the prior criminal record of a hotel guest who was injured while staying at a hotel was inadmissible evidence because there was no connection between the guest's prior drug-related charges and the injuries that the guest sustained that night from assault and battery by unknown intruders. 260 F.3d 359, 374 (5th Cir. 2001). The court held that admission of the criminal record "would have been for a purely speculative, rather than probative, purpose, and would have had a comparatively high prejudicial effect." *Id.* Like *McAvey*, Davis's prior drug charges bear no connection to this personal injury lawsuit. *Id.* Thus, for the same reasons stated in *McAvey*, this Court concludes that admission of Davis's criminal record would have a highly prejudicial effect with little probative value and would serve only to mislead the jury. *Id.*; *see Townsend*, 31 F.3d at 268.

### III. Conclusion

Accordingly,

IT IS ORDERED that Defendants' Motion in Limine to strike the expert testimony of Dr. Allen Johnston beyond his treatment of Angela Stepter is DENIED. (Rec. Doc. 46).

IT IS FURTHER ORDERED that Defendants' Motion in Limine to admit Warren Davis's criminal records is DENIED. (Rec. Doc. 49).

New Orleans, Louisiana, this 22nd day of June, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

5