# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGELA STEPTER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:    10-1799** |
| **SANTOS VERELE, ET AL.** | **SECTION: "C" (4)** |

## ORDER

**IT IS ORDERED** that the Defendants', Santos Varela, Intercon Carriers LLC, and State National Insurance Company Inc.'s, **Motion for Leave to Set for Expedited Hearing on Motion to Compel (R. Doc. 86)** is hereby **GRANTED.**

Before the Court is a **Motion to Compel (R. Doc. 87)** filed by the Defendants, Santos Varela, Intercon Carriers, LLC and State National Insurance Company, Inc. (collectively, "the Defendants") seeking to compel supplemental responses to their discovery requests and a medical invoice which supports the Plaintiff's claim for special damages.  The motion shall be considered on the briefs.

According to the Scheduling Order, the deadline for discovery was June 13, 2011.  (R. Doc.26, p. 2.)  The Scheduling Order states that "deadlines . . . fixed herein may only be extended by the Court upon motion filed in compliance with the Plan and Local Rules and upon showing of good cause."  (R. Doc. 26, p. 3.)  The trial is set to commence on August 1, 2011.

Under the Federal Rules of Civil Procedure, a scheduling order may only be modified for good cause shown and with the Judge's consent. Fed. R. Civ. Pro. 16(b)(4).  In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the

requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

The Court notes that the instant motion was not filed until June 24, 2011, eleven (11) days after the discovery deadline. However, under the terms of the Scheduling Order, the deadline in which to *complete* discovery was June 13, 2011. Therefore, the motion was untimely filed. Further, the Defendants did not timely apply for an extension of the discovery deadline as required by the Scheduling Order nor did the Defendants make any arguments under the Rule 16(b) good cause standard.

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Compel (R. Doc. 87)** is hereby **DENIED**.

New Orleans, Louisiana, this 27th day of June 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**