UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ANGELA STEPTER, ET AL**          **CIVIL ACTION**

**VERSUS**                          **NO. 10 - 1799**

**SANTOS VERELE, ET AL.**           **SECTION "C"(4)**

**ORDER & REASONS**

Before the Court is Defendants' Motion to Strike New Pre-Trial Deadlines. (Rec. Doc. 119). For the foregoing reasons, the Motion is DENIED.

The initial Scheduling Order in this case, filed November 18, 2010, indicated that "[i]f [...] a continuance is granted, deadlines and cut off dates will be automatically extended, unless otherwise ordered by the Court." (Rec. Doc. 26 at 3). The Court's July 26th Order continued the trial date and ordered that a telephone scheduling conference be held on August 18, 2011 "in order to select *new dates and deadlines*." (Rec. Doc. 114) (emphasis added). That Order did not make exceptions to the default rule. (Rec. Doc. 114). Thus, the default rule stands.

Furthermore, motions to alter an order are subject to Rule 59(e), which requires filing "no later than 28 days after the entry of judgment." Fed. R. Civ. Proc. 59(e). Defendants waited 33 days to file their instant Motion, which asks the Court to strike the motion, discovery, and expert report cutoffs, from the new Scheduling Order, which extended all pre-trial deadlines. (Rec. Docs. 116, 119). Rule 60(c)(1) permits motions relief from a judgment or order "within a reasonable time" after the entry of the judgment or order, but the matter in the instant motion does not fall under any of the grounds for relief under Rule 60(b), nor do Defendants argue that it does. Fed. R. Civ. Proc. 60(b),

60(c)(1). Thus, their request to amend the Order is untimely under Rule 59(e) and without basis under Rule 60(b).

The Court has declined to selectively extend pre-trial deadlines in the past, for the default rule is "beneficial for setting deadlines in an organized and predictable fashion." *Croy v. Canadian Nat'l/Ill. Central R.R. Co.*, 2005 WL 1041203, *1 (E.D. La.). Defendants have not persuaded the Court that it should abandon the default rule in this case or that the existing motion, discovery, and expert report cutoffs present an undue burden. Thus, the Motion is denied.

Accordingly,

IT IS ORDERED that Defendants' Motion to Strike New Pre-Trial Deadlines is DENIED. (Rec. Doc. 119).

New Orleans, Louisiana, this 31st day of October, 2011.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE